**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-30078
_____

ANDREW LEARNED PEABODY; ELIZABETH P. BOULON; JUDITH P. FERGUSON;
MARGARET PORTER MILLER; ARMANDO T. RICCI, JR.; ANDREW P. PORTER;
JAMES H. GRAY; LAURA G. BUTLER; WHITNEY W. JONES; LESLIE W. MAHLER;
DOUGLAS S. MACKENZIE; MARION M. CHRISTOPH; CAROLYN M. STIMMEL;
CAROL MYERS; THEODORE S. GARY, III; ALL PLAINTIFFS,

Plaintiffs-Appellees,

VERSUS

GRADY C. WEEKS; ET AL.,

Defendants,

GRADY C. WEEKS; CATHERINE S. WEEKS; KENNETH WOOD; KATHERINE WOOD,

Defendants-Appellants.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(96-CV-2283)
_____
October 1, 1997

Before DUHE', DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this diversity suit, defendants Grady C. Weeks, Catherine S. Weeks, Kenneth Wood, and Katherine Wood ("Weeks") appeal from the district court's grant of a preliminary injunction in favor of the plaintiffs, owners of a mineral servitude on Black Hawk Plantation. Weeks argues that the district court erroneously found that defendants, who own a portion of Black Hawk Plantation, had illegally interfered with plaintiffs' mineral rights.

Specifically, the court found that Weeks had impermissibly interfered with the mineral owners' reasonable use of the land to reach their minerals, and that their actions were "plainly contrary to the fundamental tenets of the Louisiana Mineral Code." District Court's December 20, 1996, Ruling at 6. The trial court based its conclusion on the evidence elicited from several witnesses who testified about Weeks' deterrence tactics and harassment of potential drilling companies. *Id.*

Having reviewed the evidence in the record, the parties' briefs, and their arguments, we find no reversible error in the district court's conclusion that the plaintiffs are entitled to a preliminary injunction. Accordingly, for essentially the same reasons enunciated by the district court, its judgment is **AFFIRMED.**